IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tracy Jarvis Allen, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:05-cr-00340-TLW-1 <br> C/A No. 4:16-cv-01506-TLW <br><br> **Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Tracy Jarvis Allen. For the reasons stated below, the petition is denied.

## I. Factual and Procedural History

Petitioner was charged with and convicted at trial of being a felon in possession of a firearm, and the Court sentenced him to 288 months incarceration. ECF No. 40.

At sentencing, Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] His Presentence Investigation Report (PSR) classified the following

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 3. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

convictions as ACCA predicate convictions:

> (1)　Armed Robbery (PSR ¶ 28 – Docket No. 96-JU-16-163);
>
> (2)　Armed Robbery (PSR ¶ 28 – Docket No. 96-JU-16-164);
>
> (3)　Criminal Domestic Violence of a High and Aggravated Nature (CDVHAN) (PSR ¶ 30);
>
> (4)　Threaten the Life, Person, or Family of Public Employee (PSR ¶ 31);
>
> (5)　Failure to Stop for a Blue Light (FSBL) (PSR ¶ 32).

After judgment was entered, he filed a direct appeal, but the Fourth Circuit summarily affirmed. *United States v. Allen*, No. 05-4829 (4th Cir. Jan. 30, 2006).

Petitioner filed a prior § 2255 petition, which the Court denied on the merits. ECF Nos. 53, 67. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Allen*, 315 F. App'x 485 (4th Cir. 2009).

On March 14, 2016, Petitioner filed in the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244 requesting permission to file a successive § 2255 petition. No. 16-245 (4th Cir.), ECF No. 2. The Fourth Circuit granted that motion on May 10, 2016, No. 16-245 (4th Cir), ECF No. 13, and his § 2255 petition was filed in this Court that day, ECF No. 105.

In Petitioner's § 2255 petition, he challenges each of his predicate convictions, asserting that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and other cases, none of these convictions remain ACCA predicate offenses. Thus, he argues that he no longer has the requisite number of ACCA predicate convictions and is therefore entitled to a resentencing without the ACCA enhancement. The

Government filed a motion to dismiss, asserting that the two armed robberies, CDVHAN, and threatening a public official convictions still qualify as predicates and that he remains an armed career criminal.[2] ECF No. 119. He filed a response in opposition to the Government's motion. ECF No. 122.

This matter is now ripe for decision.[3]

## II.   28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion

---

[2] The Government does not dispute that his FSBL conviction is no longer an ACCA predicate offense in light of *Johnson*.

[3] An assistant federal public defender entered an appearance and made various filings on Petitioner's behalf, ECF Nos. 106, 108, 116, but Petitioner made it quite clear that he did not want the assistance, ECF Nos. 118, 123, so at his request, the Court has only considered his own filings. However, the Court notes that the outcome of this petition would be the same either way.

3

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

Fourth Circuit precedent forecloses Petitioner's argument that he no longer has the requisite convictions to be an armed career criminal.

In *United States v. Doctor*, the Fourth Circuit concluded that a South Carolina conviction for strong arm robbery is a violent felony for ACCA purposes. 842 F.3d 306, 312 (4th Cir. 2016). Three months later, the Fourth Circuit concluded that, because strong arm robbery is a lesser-included offense of armed robbery, armed robbery is also an ACCA violent felony. *United States v. Weston*, 681 F. App'x 235, 237 (4th Cir. 2017). Thus, his two armed robbery convictions remain ACCA predicate offenses.

In *United States v. Drummond*, the Fourth Circuit recently concluded that CDVHAN and its lesser-included offense of CDV are violent felonies for ACCA purposes. ___ F.3d ___, 2019 WL 2363155, at *10 (4th Cir. June 5, 2019).

Thus, regardless of whether Petitioner's conviction for threatening a public official remains an ACCA predicate conviction,[4] the Court concludes that he still has

---

[4] While it is not necessary for the Court to decide that question to resolve this petition, the Court notes that at least one judge in this district has held that threatening a public official in violation of S.C. Code Ann. § 16-3-1040 is an ACCA violent felony. That is so because "the statute requires, at a minimum, a threat to take the life of or

4

at least three predicate convictions—two armed robberies and one CDVHAN—and is therefore not entitled to habeas relief.

## IV. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 119, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 105, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

to inflict bodily harm upon a public official or public employee," and "one cannot threaten to take the life of another human being without threatening the use of physical force capable of causing physical pain or injury to another." *Febrez v. United States*, No. 4:08-cr-01165-RBH-1, 2017 WL 4764810, at *3 (D.S.C. Oct. 20, 2017).

IT IS SO ORDERED.[5]

                *s/ Terry L. Wooten*
                Terry L. Wooten
                Senior United States District Judge

June 17, 2019
Columbia, South Carolina

---

[5] In light of the Court's ruling, the other outstanding motions in this case, ECF Nos. 108, 111, 116, 118, are **DISMISSED AS MOOT**.